A. Franklin Mahoney, J.
Petitioner seeks, by an article 78 CPLE review of the determination of both the Ulster County Civil Service Department and the New York State Department of Civil Service, an order reversing their determination that petitioner is not qualified for reappointment to a permanent position of police detective sergeant in the Police Department in the Village of Ellenville, New York.
It appears from the supporting papers herein that petitioner was promoted to police sergeant on the first day of October, 1965 after successfully passing the promotional police sergeant examination given by the Ulster County Civil Service Department. Thereafter, on October 9, 1970, petitioner resigned this position to take a position as a correction officer with the State of New York Department of Correction at Napanoch, New York. On September 21, 1971 petitioner applied in writing for reinstatement as a police sergeant in the Police Department of the Village of Ellenville. On February 16, 1972 petitioner resigned his position with the New York State Department of Correction and returned to work as a sergeant with the Ellenville Police Department on February 17, 1972. On March 16, 1972, while so employed, petitioner was advised that he would have to take a civil service examination to retain his position. It is the contention of petitioner that he fully complied with the provisions of section 188-h of the Village Law and should not now be required to take a civil service examination in order to qualify for reinstatement.
Unfortunately, the petitioner rests his case on law that is no longer applicable. Former sections 180 to 199-f of article 7 of the Village Law have been renumbered sections 180 and 199-f of article 5-C, by section 2 of chapter 524 of the Laws of 1970 effective June 1, 1970. A review of article 5-C entitled ‘ Police Department ’ ’ indicates that former section 188-h was not carried over into the new article and must, therefore, be considered to have been repealed.
*23 The court is, therefore, constrained to apply the provisions of section 58 of the Civil Service Law. Paragraph (a) of subdivision 4 of section 58 provides that, “ any male person who has received provisional or permanent appointment in the competitive class of the civil service as a police officer of any police force or police department of any county, city, town," village * * * prior to September first, nineteen hundred sixty-five, or who receives such a provisional or permanent appointment on or after September first, nineteen hundred sixty-five, shall be eligible to resign from any police force or police department, and to be appointed as a police officer in the same or any other police force or police department without satisfying the age requirements set forth in paragraph (a) of subdivision one of this section, at the time of such second or subsequent appointment, provided such second or subsequent appointment occurs within thirty days of the date of resignation/ ’ Subdivision 1 provides that, “ no male, person shall be eligible for provisional or permanent appointment in the competitive class of the civil service as a police officer of any police force or police department of any county, city, town, village * * * unless he shall satisfy the following basic requirements: (a) he is not less than twenty nor more than twenty-nine years of -age ”.
The petitioner, clearly, was not reappointed to the Ellenville Police Department within 30 days of the date of his resignation. Therefore, petitioner, who is 38 years of age, cannot qualify for reappointment to his former position in the Ellenville Police Department.
The petition is dismissed.